UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DONNA COBURN (POWELL),                        Civil Action No.:

                Plaintiff,

      -against-                                 **CLASS ACTION COMPLAINT**

P.N. FINANCIAL,                               **DEMAND FOR JURY TRIAL**

                Defendant(s).
---------------------------------------------------------------X

      Plaintiff DONNA COBURN (POWELL) ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendants P.N. FINANCIAL hereinafter referred to as ("Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

    2.    Plaintiff is a resident of the State of New York residing at 27 Meade Avenue, Hicksville, New York 11801.

    3.    Defendant P.N. FINANCIAL is a limited liability company duly organized and existing under the laws of the State of Illinois with its main office address at 8117 Kenneth Avenue, Skokie, Illinois 60076.

    4.    Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a (3).

5. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable.

Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. On information and belief, Defendants, on behalf of itself or a third-party, began collecting an alleged consumer debt from the Plaintiff.

23. On information and belief, and better known to the Defendants, the Defendants began its collection efforts and campaign of communicating with the Plaintiff on or about June 12, 2012 by mailing Plaintiff a "Collection Letter".

25. The "Collection Letter" states "Because you have refused to address this debt despite being given every opportunity to do so, be advised that as of June 27th, 2012, if you have not accepted our terms and conditions, we will have exhausted all methods of resolution."

26. The letter continues on to state: "You have been repeatedly advised of your long overdue balance......However, there is still time to avoid any interest and/or penalties if you resolve this matter June 27, 2012. This will be your final opportunity to resolve this matter without the additional expense of penalties or interest."

27. On or about September 28, 2012, the Plaintiff's representative, Alberto Reyes, Jr., of Asset Management called Defendant to discuss the alleged debt.

28. Mr. Reyes was told by Defendant's representative that "They will put the account back on the credit report if she does not pay."

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. 15 USC §1692e – preface and e(10) prohibit the use of any false, deceptive, and misleading representations in connection with the collection of a debt.

31. The Defendant, therefore, violated 15 USC §1692e – preface and e(10) by stating that Plaintiff refused to address this debt as Plaintiff has never refused to address this debt.

32. Additionally, Defendant states Plaintiff has been given every opportunity to address the debt but never clarifies what opportunities Plaintiff has been given to resolve this debt.

33. Defendant further uses false, deceptive and misleading representations by stating that they will have exhausted all methods of resolution when, in fact, they go on to state that they will attempt to force the consumer to resolve the debt by adding penalties and/or interest.

34. Defendant further makes the allegation that "they will put the account back on her credit report if she does not pay". This statement is completely false, deceptive and misleading as they cannot place this matter back on her credit report as the statute of limitations is from July 2002.

35. The above false, deceptive and misleading statements are just an attempt to coerce the Plaintiff into settling the alleged debt.

36. 15 USC §1692e(5) prohibits a debt collector from making a threat to take any action that cannot legally be taken or that is not intended to be taken.

37. Defendant violates the above section by informing Plaintiff's representative, Alberto Reyes, that "they will put the account back on the credit report if she does not pay" which they cannot because the statute of limitations is from July, 2002 and has long since passed.

38. 15 USC §1692f-preface requires that a debt collector must use fair and

conscionable means to collect or attempt to collect any debt.

39. The Defendant would lead the reader of their June 12, 2012 letter to believe that as a result of Plaintiff's inability to settle this debt quickly, interest and penalties would be added to the original debt. The Defendant also does not clarify what the additional interest and penalties to be added are. As a result of these statements made by Defendant, Defendant has breached 15 USC §1692f-preface by using unfair and unconscionable means to attempt to collect this debt.

40. Defendant further violates 15 USC §1692f-preface by threatening Plaintiff to put the tradeline on her credit report and hurt her credit score unless she pays the alleged debt.

41. 15 USC §1692f(1) requires that a debt collector cannot collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

42. The Defendant violated 15 USC §1692f(1) by stating that "...there is still time to avoid any interest and/or penalties if you resolve this matter June 27, 2012."; as the original agreement with the creditor does not allow for penalties to be added by the debt collector.

43. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

44. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         February 21, 2013

                                    Respectfully submitted,

                                    By: _____
                                    M. Harvey Rephen, (MR3384), Esq.
                                    M. HARVEY REPHEN & ASSOCIATES, P.C.
                                    708 Third Avenue, 6th Floor
                                    New York, New York 10017
                                    Phone:    (212) 796-0930
                                    Facsimile: (212) 330-7582

                                    *Attorney for the Plaintiff Donna Coburn (Powell)*

To:   PN Financial
      8117 Kenneth Avenue
      Skokie, Illinois 60076
      (*Via Prescribed Service*)

      Clerk,
      United States District Court, EasternDistrict of New York
      (*For Filing Purposes*)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK               CASE NO.:

DONNA COBURN (POWELL),

                        Plaintiff,

    -against-

P.N. FINANCIAL,

                        Defendant(s),

## COMPLAINT

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:   (212) 796-0930*
*Facsimile: (212) 330-7582*